[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13263
FACTS
The plaintiff seeks to recover from the defendant for an alleged breach of contract. The plaintiff testified that she called the defendant in February of 1989 to secure his services as a photographer for her wedding on May 12, 1989. She claims to have spoken to the defendant on more than one occasion prior to March 30, 1989 when she called to advise him she was coming into his studio to pay for the photos and albums. On that occasion, the defendant told her he would be at the studio and requested a payment in cash.
Later that day, when the plaintiff appeared she was told she was not schedule with the defendant and was eventually ordered to leave the studio and threatened with an arrest if she did not leave.
When she was unable to obtain a substitute photographer for the defendant on such short notice, the plaintiff had a friend attempt to take some photos at the wedding.
The plaintiff produced a photocopy of a memorandum she had made on the pertinent dates, outlining the arrangement she claims she made with the defendant. This called for full payment by April 12, 1989.
The defendant denied any knowledge of the plaintiff or of her wedding date and stated the never did business in the manner described by the plaintiff.
Only the plaintiff and the defendant testified, leaving the court to decide this case on the basis of its determination of credibility.
 I
The Court finds the plaintiff to be a convincing witness and believes she told the truth as to her course of dealing. The photocopy, Exhibit A, supports the plaintiff's version of events and the Court believes her testimony that she recorded these events as they transpired.
The defendant's response to this testimony is puzzling, to say CT Page 13264 the least. While it does seem unusual for such a transaction to have been consummated without a deposit or a writing, the Court must evaluate all of the circumstances and testimony. To accept the defendant's version of events, the Court would have to conclude that none of this ever happened and that the plaintiff Exhibit A in anticipation of ligation and falsely represented that fact when she brought it to her lawyer.
The defendant's statement that he had no recollection of the plaintiff or this transaction because, after all "that was six years ago" is not convincing. This suit was brought in 1990, at which time the transaction was fairly recent. Apparently no recollection, impression or memory was recorded at that time.
Exhibit D is the defendant's compliance with the plaintiff's interrogatories. It is dated October 19, 1992. In this document, the defendant was asked to describe in detail' "any and all conversations" the had with the plaintiff. His response was:
 "Unsure date plaintiff first called, may have been between January-February 1989 "
In response to the question as to whether this conversation took place in person or by telephone, the defendant responded:
 "First contact took place on the phone. Has no recollection of ever meeting plaintiff."
While in Exhibit D the defendant slates he employed no one at his studio between January 1 and May 30, 1989, at trial he indicated he did employ someone to act as a receptionist and it was just such a person the plaintiff claims she spoke to on March 30, 1989. This failure to so disclose could well have affected the plaintiff's opportunity to identify that receptionist and produce her at trial.
The Court concludes that the plaintiff's version of the events was the more honest and believable and the defendant is found to have entered into the agreement recited by the plaintiff. It is further found that he misled the plaintiff, breached that agreement, and she was damaged thereby.
 II
The plaintiff testified that as a result of the defendant's CT Page 13265 refusal to perform the services he had agreed to perform she became distraught and physically ill. She made numerous attempts to obtain another photographer without success and finally had a friend do his best to capture the events of her wedding day. Instead of large, clear and complete albums, she was left with a handful of inferior small size color prints The plaintiff was 21 years old at the time and had planned on a large wedding with many relatives from out of state amongst the invitees.
The defendant suggests that since the plaintiff was eventually divorced, her loss of the pictorial record was of minimal value. This overlooks the fact that the plaintiff incurred this loss on May 12, 1989 and it was at that time that she was unable to present wedding photos to relatives and friends. It was also the depiction of relatives, guests and participants on what was then a significant event of which she was deprived.
The emotional impact of this episode on this 21 year old woman preparing for her first marriage, in the midst of other wedding plans and preparations is not hard to imagine.
The Court concludes that the callous, cruel and unethical behavior of the defendant not only deprived her of a major part of her wedding day pleasure and its tangible reminder, she also suffered extreme emotional anguish because of the intentional, willful and wanton behavior of the defendant.
 III
The plaintiff is awarded damages of $4,500 for the breach of contract and intentional imposition of emotional distress.
The Court perceives the actions of the defendant as evidencing an intentional and wanton disregard of the plaintiff's rights and well being. She is awarded $1,500 as punitive damages as well as taxable costs.
Anthony V. DeMayo State Trial Referee